[No 2064.   Decided June 27, 1896.]

MALCOLM McDOUGALL, *Appellant*, v. N. D. WALLING *et al.*, *Respondents*.

NEGOTIABLE INSTRUMENTS — EXTENDING TIME OF PAYMENT — FALSE REPRESENTATIONS OF PRINCIPAL — RELEASE OF SURETY.

In an action upon a promissory note upon which a surety sets up the defense that payment had been extended for a valuable consideration without his consent, evidence of a representation by the principal maker to the holder, that the extension was asked at the instance and request of the surety, is admissible, though not made in the presence of the surety, because, if the representation were in fact false, the agreement to extend which was secured by means of the false statement would be invalid and ineffectual.

An agreement between a principal debtor and the holder of a note, to extend the time of payment for a definite period after maturity, in order to release the surety must be such an agreement as the principal debtor could himself enforce.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge. Reversed.

*Andrew F. Burleigh,* and *Thomas A. Gamble,* for appellant.

*H. D. Cooley,* and *Francis H. Brownell,* for respondents.

The opinion of the court was delivered by

GORDON, J.—Appellant, McDougall, brought this action in the superior court of Snohomish county upon a promissory note executed by N. D. Walling and William G. Swalwell, payable to the order of Walling, dated April 24, 1893, and payable 90 days thereafter; said note being for the sum of $2,800, and interest at the rate of 12 per cent. per annum from date until paid. The defendant Walling made default. Respondent Swalwell answered that he executed the note solely for the accommodation of Walling, and was a surety only, all of which was known to plaintiff at the time of the indorsement and delivery of said note to him by Walling; that, after the maturity of the note, appellant entered into a definite agreement with the defendant Walling, whereby the time of payment of said note was extended, and that the agreement to extend was made without the consent of the respondent, and released him from the payment thereof. The appellant replied, denying all of the affirmative matter set out in the answer, and, the cause having been tried before a jury, a verdict was returned in favor of Swalwell. Thereafter, appellant's motion for a new trial was denied, judgment entered dismissing the action as to Swalwell, and the cause appealed.

The undisputed testimony in the case shows that,

shortly after the execution of the note, Walling sold the same to the appellant, and that, prior to becoming the owner thereof, appellant had no conversation whatever with respondent Swalwell. At the time of its maturity, or within a few days thereafter, Walling requested an extension. It further appears that the sum of $200 was paid by him at that time to the appellant, for the purpose, as testified by Walling, of paying the interest then due on the note, amounting to about $75, and the balance as consideration for an extension of the note for a period of 30 days, or until August 24, 1893. The appellant, in his testimony, admitted the receipt from Walling of $200 for the purpose of paying the interest then due upon the note, and the remainder as consideration for his agreeing to postpone suit on the note until August 24, 1893. He further testified that this arrangement was entered into upon the representation of Walling that he came with instructions from Swalwell to get the time extended; that he, Swalwell, was a banker at Everett; that "it was panicky times, and he could not draw the money . . . out of the bank. . . . He pleaded very hard for Mr. Swalwell's credit," and " I finally consented that I would not start an action for a certain length of time. . . . He stated most distinctly that he came down with Mr. Swalwell's sanction and consent." Counsel for the respondent Swalwell objected to the introduction of any testimony as to what Walling said to appellant, because not made in the presence of Swalwell, etc., and the lower court thereupon held that said state- ments were not competent as against Swalwell; ad- ding: "I will allow him to state what was said there, but will cover it with instructions to the jury after-

wards;" and thereafter the court charged the jury in respect thereto as follows:

" You are further instructed that when it is sought to bind the defendant by statements made by a third party, not in the presence of the defendant sought to be charged, it must be shown, not only that such statements were so made, but it must be further shown that such third party was authorized to make such statements by the party sought to be charged."

To this ruling, and the giving of the instruction set out, appellant excepted, and has assigned the same as error.

We think that the testimony was competent, and should have been permitted to go to the jury. An agreement between a principal debtor and the holder of a note, to extend the time of payment for a definite period after maturity, in order to release the surety, must be such an agreement as the principal debtor could himself enforce. The representation by Walling (assuming that it was made) that Swalwell requested and consented to the extension which was sought became material, because assuming that Swalwell was a surety merely, the representation, if false in fact, was fraudulent, and the agreement to extend, which was secured by means of the false statement, was invalid and ineffectual. Walling could not have enforced it, because of the fraudulent means employed in obtaining it. If, on the other hand, the representation was made by Walling upon authority from Swalwell, or if Swalwell subsequently consented to the extension so obtained, he would not be released, assuming that he was a surety only, and that appellant had knowledge of that fact.

The question here presented was involved in *Bangs v. Strong*, 10 Paige, 11. It was there held that where

an "agreement is obtained from the creditor by a principal debtor upon the false representation of the latter that the surety had authorized him to make it, and the surety afterwards refuses to assent to the agreement, the creditor will be at liberty to repudiate it."

It is further insisted by appellant that the evidence was insufficient to justify the verdict. We think, however, that, upon the material issues, the testimony was sufficiently conflicting to require its submission to the jury under proper instructions. As the cause must be retried, however, we deem it proper to say that instructions Nos. 8 and 9, which were excepted to by appellant, should not, in our opinion, have been given. They are incomplete, and, in a measure inconsistent with instructions 1–3, given by the court, which correctly stated the law. Whether the giving of these instructions constituted such error as would require a reversal of the cause, we are not called upon to determine.

As a new trial must be had, we think that, in order to fully determine the rights of parties, special findings should be required of the jury, as provided in § 375, Code Proc.; and, if the jury find that respondent Swalwell was merely surety for Walling, and that appellant knew of that fact at or prior to the time of the purported extension, then they should be required to find whether such extension was secured wholly or in part by means of Walling's falsely representing that Swalwell consented thereto; and, if the jury shall find that such representations were made, then the appellant would be entitled to recover the amount of the note with interest from July 23, 1893, less the sum of $125, withheld as bonus or consideration for the extension granted, which last mentioned sum it

would be the right of the respondent to have treated as a partial payment upon the note.

Reversed and remanded.

SCOTT, DUNBAR and ANDERS, JJ., concur.

HOYT, C. J., concurs in the result.