[No. 2769.   Decided March 3, 1898.]

MALCOM McDOUGALL, *Appellant,* v. N. D. WALLING *et al., Respondents.*

RIGHT TO OPEN AND CLOSE — AFFIRMATIVE DEFENSE — APPEAL —
WEIGHT OF EVIDENCE.

In an action to recover on a promissory note the amount due with interest and a stated attorney fee fixed by the contract of the parties, which was entered into prior to the act of 1895 authorizing the court to allow such fee as may be reasonable, a defendant who admits the allegations of the complaint and sets up an affirmative defense that he signed as surety and has been released by an extension granted the principal maker, is entitled to the opening and closing of the case, as there is no burden upon plaintiff to prove even a reasonable attorney's fee.

The verdict of the jury will not be disturbed on appeal, where the evidence is substantially conflicting, and the lower court has declined to grant a new trial on the ground that the evidence does not justify the verdict.

Appeal from Superior Court, Snohomish County.—Hon. FRANK T. REID, Judge.   Affirmed.

*Andrew F. Burleigh,* and *Thomas A. Gamble,* for appellant.

*F. H. Brownell,* and *Coleman & Hart,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—On the 24th of April, 1893, the appellant, at the request of the defendant and respondent, N. D.

Walling, discounted a note for the sum of $2,800 signed jointly by N. D. Walling and respondent William G. Swalwell. The note was payable to the order of Walling and indorsed by him. The promise to pay contained in the note was stated severally by using the words, " I promise to pay to the order of N. D. Walling." It also contained a promise to pay, in addition to the costs and disbursements provided by statute, $50 for attorney's fees in any suit or action instituted thereon. The complaint alleged the execution and delivery of the note by Swalwell to Walling, the transfer of it by Walling to the appellant, the fact that it was not paid, and that defendants promised and agreed to pay $50 attorney's fees in the action, and the demand for judgment was for the amount due upon the note and for the sum of $50 attorney's fees. The respondent Walling did not appear and plead. Respondent Swalwell appeared and answered and only denied the contract for attorney's fees, but set up in affirmative defense that the note was made by himself jointly with Walling for Walling's accommodation, and as his surety only, in consideration of a loan made by appellant to Walling alone at the time of the delivery to appellant, which facts were before, and at the time the appellant became the holder of the note, well known to him; and that, except as above stated, there was never any consideration for the making of the note to the respondent Swalwell, and that after the note became due, appellant, while holder thereof, gave further definite time for the payment to the respondent Walling pursuant to a binding agreement made bv appellant with Walling without the consent of respondent Swalwell as surety on the note, and ·that the appellant released respondent Swalwell from payment of the note. Appellant replied, denying the affirmative defense set up by Swalwell and affirmatively averred that long after the time of the extension granted to

Walling by appellant, and after Swalwell had been informed of the extension, respondent Swalwell promised to pay the amount due upon the note. This case was brought here by appellant on appeal from a former judgment, and is found in 15 Wash. 78 (45 Pac. 668, 55 Am. St. Rep. 871). At the former trial in the superior court appellant testified that the extension of payment of the note granted Walling was entered into upon the representation of Walling that he came with instructions from Swalwell to get th time extended, that Walling represented that Swalwell was a banker at Everett, and that it was panicky times and he could not draw the money out of the bank, and pleaded for Swalwell's credit, and that appellant finally consented that he would not start an action for a certain length of time, and that Walling stated most distinctly that he came with Mr. Swalwell's sanction and consent. Counsel for respondent Swalwell at that trial objected to the introduction of any testimony as to what Walling said to appellant because not made in the presence of Swalwell, and the superior court held that the statements were not competent as against Swalwell, adding, " I will allow him to state what was said there, but will cover it with instructions to the jury afterwards;" and thereafter the court charged the jury in respect thereto as follows:

" You are further instructed that when it is sought to bind the defendant by statements made by a third party, not in the presence of the defendant sought to be charged, it must be shown, not only that such statements were so made, but it must be further shown that such third party was authorized to make such statements by the party sought to be charged."

Because of error in the above instruction the case was reversed by this court, and it was held that the testimony was competent and should have been permitted to go to the jury, and that the agreement of extension in order to

release the surety, must be such an agreement as the principal debtor could enforce himself; and the representation by Walling (assuming it was made), that Swalwell requested and consented to the extension which was sought, became material, because, assuming that Swalwell was a surety merely, the representation, if false in fact, was fraudulent, and the agreement to extend, which was secured by means of the false statement, was invalid and ineffectual; and Walling could not have enforced it, because of the fraudulent means employed in obtaining it. It was also suggested by this court that special findings should be required of the jury, and if the jury found that respondent Swalwell was merely surety for Walling, and that appellant knew of that fact at or prior to the time of purported extension, then they should be required to find whether such extension was secured wholly or in part by means of Walling's falsely and fraudulently representing that Swalwell consented thereto. Upon the re-trial of the cause in the superior court the evidence was admitted according to the opinion of this court. Special interrogatories were submitted to the jury, to which the jury answered that Swalwell signed the note only as surety, and that appellant at the time he bought the note knew that Swalwell had signed it as surety only; that Swalwell did not consent that Walling might obtain an extension of time on the note, and that Walling did not obtain the extension on a misrepresentation or false statement that Swalwell knew of the application and consented that the time might be extended; and that Swalwell did not promise to pay the note after it came to his knowledge that an extension of time had been granted. The jury also returned a general verdict in favor of Swalwell. A motion for a new trial was made and denied by the superior court.

Respondent Swalwell obtained leave to amend his answer by striking out his denial of the contract to pay $50 attor-

ney's fees before trial. Appellant maintains it was error to allow respondent Swalwell the opening and closing of the case over plaintiff's objection, but we think the affirmative was plainly upon the respondent. The attorney's fee was admitted, and the contract was not controlled by Laws of 1895, p. 81 (Bal. Code, § 5166), having been entered into before the enactment of such laws; and under the uniform decisions in this court the attorney's fees, before the enactment of the law of 1895, were fixed by the contract of the parties. We have examined the instructions of the court and do not find error in them. We do not think the rejection of the letter from appellant to Swalwell informing him of the purchase of the note material. Appellant also maintains that the evidence does not justify the verdict, but it is sufficient to say upon this point that the evidence in the record here is substantially conflicting and the jury found for the respondent upon all the issues submitted to it, and the superior court declined to grant a new trial upon this ground. The appellant received a valid consideration for the extension of time.

The judgment of the superior court must be affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.